1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

ROGER STOKELY,                          )    CV F 01-6030 AWI WMW HC
                                        )
                    Petitioner,         )    ORDER RE FURTHER
                                        )    BRIEFING
        v.                              )
                                        )
                                        )
JOE McGRATH,                            )
                                        )
                    Respondent.         )
                                        )
_____     )

Petitioner is a state prisoner proceeding  with a petition for writ of habeas corpus

pursuant to 28 U.S.C. Section 2254.  This petition was filed on July 21, 2001.

**PROCEDURAL HISTORY**

On October 3, 2002, the Magistrate Judge assigned to this case entered findings and

recommendations recommending that this petition be dismissed as barred by the one year

statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996

("AEDPA").  The Magistrate Judge found that the statute of limitations had run on May 22,

1997, and that Petitioner was not entitled to equitable tolling during the four-year gap

between his first and second state collateral actions.  The Magistrate Judge further found that Petitioner was not entitled to equitable tolling based on the allegation that the delay was due to medical reasons.  Specifically, the Magistrate Judge found that Petitioner had not carried his burden of showing that his mental health problems had rendered him unable to timely file his habeas petition, because he did not provide any specific information describing his mental illness.  The court noted that Petitioner did not "describe his condition, nor does he provide the dates during which he was affected by his condition."

On October 28, 2002, Petitioner filed objections to the Magistrate Judge's findings and recommendation.  Attached to the objections was a psychological report dated September 16, 1996.  On December 16, 2002, the District Judge adopted the findings and recommendations of the Magistrate Judge and granted Respondent's motion to dismiss.

Petitioner appealed the judgment.  On September 10, 2004, after the parties made a joint motion for summary reversal of this court's order dismissing the petition, the Court of Appeals for the Ninth Circuit reversed and remanded the case.  Respondent stipulated to a remand of this case in light of the decision in Laws v. LaMarque, 351 F.3d 919 (9th Cir. 2003), which was decided after this court issued its decision in this case.  The matter was remanded for "further factual development and, if appropriate, an evidentiary hearing on whether appellant is entitled to equitable tolling."

Counsel was appointed on remand. Pursuant to this court's order, the parties have submitted supplemental briefs "addressing the issue of whether a need exists for an evidentiary hearing on whether Petitioner is entitled to equitable tolling."

## LEGAL STANDARDS

The statute of limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S.

814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc)* (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

The burden of demonstrating that extraordinary circumstances exist lies with the petitioner. United States v. Marolf, 173 F.3d 1213, 1218 n. 3 (9th Cir.1999);  Allen v. Lewis, 255 F.3d 798, 801 (9th Cir.2001) (observing that petitioner "produced no evidence demonstrating that the loss of access to his habeas materials for 27 days due to his prison transfer made it impossible for him to file his federal habeas petition 16 days earlier").

A petitioner's claim of mental illness alone is insufficient to equitably toll the limitations period.  Although some courts have recognized mental illness as a basis for equitable tolling of a federal statute of limitations, they have done so only where the mental "illness in fact prevent[ed] the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." Miller v. Runyon, 77 F.3d 189, 191 (7th Cir.1996); see, also, Nunnally v. MacCausland, 996 F.2d 1, 6 (1st Cir.1993); United States v. Page, 1999 WL 1044829, at *1-2 (N.D.Ill. Nov. 16, 1999); Decrosta v. Runyon, 1993 WL 117583, at *2-3 (N.D.N.Y. Apr. 14, 1993); Speiser v. United States Dept. of Health & Human Services, 670 F.Supp. 380, 384 (D.D.C.1986); cf. Accardi v. United States, 435 F.2d 1239, 1241 n. 2 (3rd Cir.1970) ("Insanity does not prevent a federal statute of limitations from running."); Boos v. Runyon, 201 F.3d 178,  184 (2nd Cir.2000) ("The question of whether a person is sufficiently mentally disabled to justify tolling of a limitation period is ... highly

3

1    case-specific."); <u>Runyon</u>, 77 F.3d at 192 ("Most mental illnesses today are treatable by drugs

2    that restore the  patient to at least a reasonable approximation of normal mentation and

3    behavior. When his illness is controlled he can work and attend to his affairs, including the

4    pursuit of any legal remedies that he may have.").

5           In <u>Laws v. LaMarque</u>, the district court denied a habeas corpus petition as untimely,

6    rejecting the application of equitable tolling because the record did not show that the

7    petitioner's mental illness made it impossible for him to meet the § 2244(d) deadline.  The

8    Ninth Circuit held as follows:

9           We do not know whether Laws's mental condition had deteriorated since his trial
            such that he fell below a minimum standard of legal competence. *See Godinez v.*
10          *Moran,* 509 U.S. 389, 399 n. 10, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993); *924
            *Massey v. Moore,* 348 U.S. 105, 75 S.Ct. 145, 99 L.Ed. 135 (1954); *Rohan,* 334 F.3d
11          at 810-11. The only material in the record concerning the period 1996-2000 is Laws's
            unrebutted allegation, in his state petition, that he was "deprived [ ] of any kind of
12          cons[ci]ousness" in those years. We must construe *pro se* habeas filings liberally,
            *Maleng v. Cook,* 490 U.S. 488, 493, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), and
13          may treat the allegations of a verified complaint or petition as an affidavit, *McElyea*
            *v. Babbitt,* 833 F.2d 196, 197-98 (9th Cir.1987). The verified state petition attached to
14          Laws's Traverse is therefore indistinguishable from the declaration appended to a
            petitioner's opposition to a motion to dismiss that, in *Whalem/Hunt,* 233 F.3d at 1147,
15          we found sufficient to warrant further factual development.
            The district court denied Laws equitable tolling because "the record does not show
16          that [his] mental problems made it 'impossible' " for him to meet the § 2244(d)
            deadline. But we do not require Laws to carry a burden of persuasion at this stage in
17          order to merit further investigation into the merits of his argument for tolling. Rather,
            our cases require only that there be "circumstances consistent with petitioner's
18          petition ⋯ under which he would be entitled to a finding of an 'impediment' under
            2244(d)(1)(B) or to equitable tolling" for further factual development to be required.
19          *Whalem/Hunt,* 233 F.3d at 1148. On this record, the district court erred in granting
            judgment against Laws based upon the papers then before it. It is enough that Laws
20          "alleged mental incompetency," Calderon (Kelly), 163 F.3d at 541, in a verified
            pleading, see Herbst, 260 F.3d at 1043 n. 4, 1044. The district court should then have
21          allowed discovery or ordered expansion of the factual record. *See* Rules Governing
            Section 2254 Cases 6 & 7. Laws's ability to file state and federal petitions in 2000
22          and thereafter through assistance by another inmate cannot substitute for development
            of the factual record concerning his mental state prior to that period.
23          Of course, a petitioner's statement, even if sworn, need not convince a court that
            equitable tolling is justified should countervailing evidence be introduced. The record
24          in this case is patently inadequate, however, to allow us or any other court to evaluate

25

26

27

28                                              4

1
2
3
the strength of Laws's claim. In 1993 it took three psychiatrists, two psychologists, and a judge to decide Laws's competence at the time of the inquiry. It is plain that more factual development is required before we can say that Laws was or was not precluded from filing his petition by reason of mental impairment several years ago.

4      Id. at 924.

5                                    **DISCUSSION**

6
7      In his supplemental brief, Petitioner submits the following as further factual

8      development and additional support for equitable tolling of the one-year statute of

9      limitations.  First, Petitioner relies on a psychological report provided as Exhibit A to his

10     objections to the findings and recommendations filed with this court on October 28, 2002.

11     As Petitioner explains, the 17-page report of Randall C. Epperson, Ph.D., a

12
13     neuropsychologist, is dated September 16, 1996.  Petitioner argues that this document alone

14     provides a *prima facie* showing that during the period when he should have filed his habeas

15     corpus petition in federal court (July 1996 - July 1997), Petitioner suffered from an

16     "extraordinary circumstance" or condition that justifies equitable tolling.

17     Second, Petitioner relies on mental health documents from his Central File

18     maintained by the Department of Corrections.  Petitioner claims that these documents, along

19
20     with the 1996 psychological report, demonstrate his retarded intellectual functioning, and a

21     long history of severe emotional disturbance and mental illness that includes several

22     custodial evaluations, administration of psychotropic medications, and psychiatric treatment

23     before, during and after the time he was required  to file his legal pleadings in federal court.

24     Petitioner argues that a person as severely damaged as his is should be excused from the

25     filing requirements.   Petitioner therefore requests a status conference be set "to determine

26     whether additional documentation, mental health evaluations, etc., are necessary or

27

28                                           5

1

appropriate, and whether an evidentiary hearing should be held."

2

3       In response, Respondent contends that after further factual development, the evidence

4    establishes that Petitioner is not entitled to equitable tolling based on mental incompetency.

5    That is, Respondent argues that the 1996 psychological report and Petitioner's Central File

6    do not establish that Petitioner is entitled to equitable tolling for the four-year time period

7    between 1996 and 2000, based on mental incompetence.

8       In regard to the 1996 psychological report, Respondent contends that this report does

9    not establish Petitioner's mental incompetence, but rather identifies Petitioner's mental

10   health issues, which included major depressive disorder with psychotic features, attention

11   deficit hyperactivity disorder, borderline intellectual functioning, and personality disorder

12   with dependent, paranoid and antisocial features.  Respondent argues that the report does not

13   identify Petitioner was mentally incompetent, but does raise concerns about Petitioner's

14   mental health.  Respondent concedes that the report "leads to questions about Petitioner's

15   mental capabilities."  Respondent argues, however, that Petitioner had the ability to file a

16   petition for writ of habeas corpus in the Court of Appeal on June 6, 1996, which was denied

17   on July 3, 1996.  This petition was filed just three months before the psychological report

18   done on September 16, 1996, identifying Petitioner as having mental health issues.

19   Respondent concludes  that Petitioner should not be entitled to equitable tolling based on his

20   alleged mental incompetence in 1996, when he was able to file a state habeas petition during

21   that same time period.  Specifically, he concludes that Petitioner cannot demonstrate that he

22   is entitled to equitable tolling based on the alleged "extraordinary circumstance" of mental

23   incompetence in 1996, when he was able to file a state habeas corpus petition during that

24

25

26

27

28

6

same time period.   Respondent relies on the principle that a petitioner must show that the extraordinary circumstances were the cause of his untimeliness.  See  Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir.2003) (petitioner entitled to equitable tolling "since prison officials' misconduct proximately caused the late filing.").

Alternatively, Respondent contends that even if this court accepts that the 1996 psychological report established Petitioner's mental incompetence at that time, Petitioner is still not entitled to equitable tolling for the entire four-year time period between 1996 and 2000.  Respondent argues that the report, which identified Petitioner's mental disorders as of September 16, 1996, cannot be used as evidence of his mental state in subsequent years.  He argues that Petitioner's Central File evidences that he was not entitled to tolling for the four-year time period because he was not mentally incompetent.  Respondent summarizes the content of the mental health files contained within Petitioner's Central File and argues that they clearly establish that by November 3, 1997 (when he was not taking any psychiatric medications and was in remission) and no later than November 3, 1998 (when he was discharged from the mental health program and noted as having no mental health needs) he was in complete remission from his psychiatric conditions.  However, Petitioner did not file his second state collateral action until July 17, 2000, approximately two years and eight months from the date that he was not taking any psychiatric medications and was in remission (November 3, 1997) and approximately one year and eight months after he was discharged from the prison mental health program (November 3, 1998).  Respondent argues that Petitioner was therefore not entitled to equitable tolling during this period of time and his present federal petition, filed July 24, 2001, was untimely and is barred by the statute of

1  limitations.

2      Respondent concludes that the court should deny Petitioner's request for a status

3  conference, because there is no showing of a need for an evidentiary hearing.  Respondent

4

5  asks the court to affirm its prior judgment granting his motion to dismiss this action as barred

6  by the statute of limitations.

7      In his reply to Respondent's supplemental brief, Petitioner argues that in light of the

8  evidence of the 1996 psychological report and the mental health records in the Central File,

9
   Petitioner "should not be barred .  .  .  from a Status Conference to determine whether
10
   further factual development (subpoenaing of other records, appointment of psychiatrists, etc.)
11
   is necessary, or, if appropriate, evidentiary hearing."
12

13      The court finds that in requesting a status conference to determine whether additional

14  factual development is necessary and whether an evidentiary hearing should be held,

15  Petitioner ignores the directive of this court in regard to the purpose of the supplemental

16
   briefing.  The parties were ordered to submit briefs "addressing the issue of whether a need
17
   exists for an evidentiary hearing on whether Petitioner is entitled to equitable tolling."  No
18
   mention of a subsequent status conference was made by the court.  Thus, any arguments that
19

20  Petitioner has in support of a need for an evidentiary hearing were to be made in his

21  supplemental brief, not later.  The purpose of an evidentiary hearing is to resolve the merits

22  of a factual dispute.  Petitioner presents no arguments in his supplemental brief regarding
23
   what information could be gleaned regarding his alleged mental incompetence through an
24
   evidentiary hearing.  He simply asks for a status conference to determine whether further
25

26  factual development and an evidentiary hearing are necessary.

27

28                                        8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The court has already given Petitioner an opportunity, through the supplemental briefing, to demonstrate why an evidentiary hearing is needed in this case. Petitioner has not done so. It is the role of Petitioner's counsel, not the court, to propose specific factual development to support his claim. Accordingly, the court finds no basis for an evidentiary hearing, and will not order one.

Petitioner expressly submits his arguments regarding the 1996 psychological report and Petitioner's Central File as "further factual development" in this case. He does not, however, explain what other factual development he would like to pursue or how it is necessary to the court's understanding of this case. The court finds that the parties have essentially agreed that under Laws v. LaMarque, Petitioner has made the initial showing regarding an impediment under § 2254(d)(1)(B) such that further factual development was required. Petitioner has now had the opportunity to develop the facts and has done so by lodging a series of documents with the court from his Central File. Petitioner, however, presents no specific arguments regarding the content of these documents. The burden of demonstrating that extraordinary circumstances exist such as would justify equitable tolling lies with the petitioner. Marolf, 173 F.3d at 1218 n. 3. While the court's prior order directed the parties to address the issue of an evidentiary hearing, it did not direct the parties to address the merits of Petitioner's claim regarding equitable tolling. It appears that Petitioner's counsel may not yet have fully presented the court with his arguments regarding the claim. Therefore, out of an abundance of caution, the court will give the parties a final opportunity to address the issue of equitable tolling.

Accordingly, in light of the foregoing, IT IS HEREBY ORDERED as follows:

9

1)      Petitioner's request for a status conference is DENIED;

2)      Petitioner is granted thirty (30) days from the date of service of this order within
        which to file a second supplemental brief addressing the merits of Petitioner's claim
        for equitable tolling, particularly in light of the further factual development provided
        by the documents from Petitioner's Central File; Respondent is granted thirty (30)
        days thereafter to file a response; Petitioner is granted fifteen (15) days thereafter to
        file a reply to Respondent's response.        IT IS SO ORDERED.

**Dated:     February 8, 2006**              _____/s/  **William M. Wunderlich**_____
mmkd34                                       UNITED STATES MAGISTRATE JUDGE