IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER STOKELY, ) | CV F 01-6030 AWI WMW HC |
| ) | |
| Petitioner, ) | ORDER REQUIRING |
| ) | RESPONDENT TO FILE |
| v. ) | ANSWER |
| ) | |
| ) | ORDER SETTING BRIEFING |
| JOE McGRATH, ) | SCHEDULE |
| ) | |
| Respondent. ) | ORDER DIRECTING CLERK OF |
| ) | COURT TO SERVE |
| ) | DOCUMENTS |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. This petition was filed on July 21, 2001.

**PROCEDURAL HISTORY**

On October 3, 2002, the Magistrate Judge assigned to this case entered findings and recommendations recommending that this petition be dismissed as barred by the one year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Magistrate Judge found that the statute of limitations had run on May 22, 1997, and that Petitioner was not entitled to equitable tolling during the four-year gap

1  between his first and second state collateral actions.  The Magistrate Judge further found that
2  Petitioner was not entitled to equitable tolling based on the allegation that the delay was due
3  to medical reasons.  Specifically, the Magistrate Judge found that Petitioner had not carried
4  his burden of showing that his mental health problems had rendered him unable to timely file
5  his habeas petition, because he did not provide any specific information describing his
6  mental illness.  The court noted that Petitioner did not "describe his condition, nor does he
7  provide the dates during which he was affected by his condition."

8        On October 28, 2002, Petitioner filed objections to the Magistrate Judge's findings
9  and recommendation.  Attached to the objections was a psychological report dated
10 September 16, 1996.  On December 16, 2002, the District Judge adopted the findings and
11 recommendations of the Magistrate Judge and granted Respondent's motion to dismiss.

12       Petitioner appealed the judgment.  On September 10, 2004, after the parties made a
13 joint motion for summary reversal of this court's order dismissing the petition, the Court of
14 Appeals for the Ninth Circuit reversed and remanded the case.  Respondent stipulated to a
15 remand of this case in light of the decision in Laws v. LaMarque, 351 F.3d 919 (9th Cir.
16 2003), which was decided after this court issued its decision in this case.  The matter was
17 remanded for "further factual development and, if appropriate, an evidentiary hearing on
18 whether appellant is entitled to equitable tolling."

19       Counsel was appointed on remand. Pursuant to this court's order, the parties filed
20 submitted supplemental briefs "addressing the issue of whether a need exists for an
21 evidentiary hearing on whether Petitioner is entitled to equitable tolling."

22       On February 8, 2006, this court issued an order denying Petitioner's request for a
23 status conference and granting Petitioner thirty (30) days  within which to file a second
24 supplemental brief addressing the merits of Petitioner's claim for equitable tolling,
25 particularly in light of the further factual development provided by the documents from
26 Petitioner's Central File.  Respondent was granted thirty (30) days thereafter to file a

1 | response and Petitioner was granted fifteen (15) days thereafter to file a reply to
2 | Respondent's response.  Petitioner filed his second supplemental brief on May 9, 2006 and
3 | Respondent filed his response on August 8, 2006.
4 |   In his response, Respondent requests that this court decide the petition on the merits
5 | without deciding the equitable tolling issue.  Respondent does not concede the equitable
6 | tolling issue, but argues correctly that this court may properly deny a petition on the merits
7 | without addressing equitable tolling issues.  See <u>Franklin v. Johnson</u>, 290 F.3d 12234, 1232
8 | (9th Cir. 2002) ("appeals courts are empowered to, and in some cases should, reach the merits
9 | of habeas petitions if they are, on their face and without regard to any facts that could be
10 | developed below, clearly not meritorious despite an asserted procedural bar").  Petitioner did
11 | not file a reply to Respondent's response.
12 |   In order to properly determine whether this court may address the merits of the
13 | present petition without addressing the equitable tolling issue, this court must examine
14 | Respondent's response to the merits of the petition.  Accordingly, Respondent SHALL
15 | SUBMIT a RESPONSIVE pleading by filing the following:

16.  1. AN ANSWER addressing the merits of the Petition and due within **forty-five**
17.   **(45)** days of the *date of service* of this order.  Rule 4, Rules Governing
18.   Section 2254 Cases; <u>Cluchette v. Rushen</u>, 770 F.2d 1469, 1473-1474 (9th Cir.
19.   1985) (court has discretion to fix time for filing an Answer.).
20.   1) Respondent SHALL INCLUDE with the Answer any and all
21.    transcripts or other documents necessary for the resolution of the
22.    issues presented in the Petition. Rule 5 of the Rules Governing Section
23.    2254 Cases.
24.   2) Any argument by Respondent that Petitioner has *procedurally*
25.    *defaulted* a claim(s) SHALL BE MADE in an ANSWER that also
26.    addresses the merits of the claims asserted. This is to enable the Court

3

to determine whether Petitioner meets an exception to procedural default. See, Paradis v. Arave, 130 F.3d 385, 396 (9th Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits to serve the ends of justice); Jones v. Delo, 56 F.3d 878 (8th Cir. 1995) (the answer to the question that it is more likely than not that no reasonable juror fairly considering all the evidence, including the new evidence, would have found Petitioner guilty beyond a reasonable doubt necessarily requires a review of the merits).

  3) Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

 2. Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court, a Consent form indicating whether the party consents or declines to consent to the jurisdiction of a the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 78-230(h). All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

**Dated:** **January 30, 2007**   /s/  William M. Wunderlich
mmkd34         UNITED STATES MAGISTRATE JUDGE